UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLEN DIAS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Case Nos. <br> 4:09-CR-40034-FDS <br> 4:13-CV-40039-FDS |

MEMORANDUM AND ORDER ON PETITIONER'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**SAYLOR, J.**

This is a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Petitioner Glen Dias seeks to reduce the money judgment component of his sentence. For the reasons set forth below, the motion will be denied.

**I.   Background**

On July 27, 2011, Glen Dias pleaded guilty to a forty-count indictment that charged conspiracy, mail fraud, wire fraud, and money laundering. On February 24, 2012, this Court sentenced him to a term of incarceration of 18 months, a 3-year term of supervised release, and a $1,000,000 money judgment. Dias did not file a direct appeal of his conviction or sentence.

On March 27, 2013, Dias filed a motion to vacate, set aside, or correct his sentence, presumably under 28 U.S.C. § 2255, as to the money judgment. He states that he attempted to pay the balance of the money judgment through an assignment of a 401(k) retirement account held by his wife, but that her employer prohibited him from doing so. As a result, he contends,

he must find alternative sources from which to pay the judgment, and he faces a $250,000 tax liability. Dias therefore requests a reduction of the money judgment, suggesting "that it was not the intent of the Court to penalize the defendant beyond monies readily available to pay the original order."

II.      **Analysis**

Under 28 U.S.C. § 2255, a prisoner in custody "claiming the right to be released" may file a motion to vacate, set aside, or correct a sentence. The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Petitioner bears the burden of establishing that he is entitled to relief under § 2255. *Id.*

Petitioner does not assert his claim under any of these four grounds. More fundamentally, he does not challenge the custodial portion of his sentence, but rather the money judgment, the non-custodial portion. There are procedures by which orders of restitution, fines, or other monetary aspects of a sentence may be modified or adjusted. *See, e.g.*, 18 U.S.C. §§ 3573, 3613A, 3664(k). Relief from a money judgment may not, however, be obtained under § 2255. *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996); *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990).

Moreover, petitioner failed to challenge his sentence on direct appeal, and he has therefore procedurally defaulted. Because he has failed to demonstrate cause and actual prejudice or actual innocence, which could excuse the procedural default, the Court cannot review his claim. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *United States v.*

*Frady*, 456 U.S. 152, 167 (1982).

Accordingly, the motion to vacate, set aside, or correct a sentence will be denied.

### III. <u>Conclusion</u>

For the foregoing reasons, petitioner's motion is DENIED.

**So ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 11, 2014